FILED
United States Court of Appeals
Tenth Circuit

**March 5, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

VINCENT H. SMALL,

    Petitioner - Appellant,

v.

WILLIAM RANKINS,

    Respondent - Appellee.

No. 25-7054
(D.C. No. 6:22-CV-00098-RAW-DES)
(E.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **PHILLIPS**, **EID**, and **FEDERICO**, Circuit Judges.
_____

Appellant Vincent H. Small, an Oklahoma prisoner proceeding pro se,[1] seeks a

certificate of appealability (COA) to appeal from the district court's order denying his

28 U.S.C. § 2254 habeas application.  We deny a COA and dismiss the matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Small proceeds pro se, his filings "are . . . construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  _Garrett v. Selby Connor Maddux & Janer_, 425 F.3d 836, 840 (10th Cir. 2005) (brackets and internal quotation marks omitted).  However, the court will not act as his advocate or "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."  _Id._

## I.    Background

In 2020, the State of Oklahoma charged Mr. Small with lewd molestation in violation of title 21, § 1123 of the Oklahoma Statutes.  During the trial, the jury heard testimony from the two minor victims that Mr. Small unzipped his pants, took out his penis, partially covered it, and then rubbed it while sitting in the living room near the victims.  The jury also heard testimony that he fled once the victims alerted Ms. Debbie Seibert, the owner of the house where the incident occurred, as to what happened. Finally, the jury heard testimony that he sent the following text message to Ms. Seibert: "After all I've done to help you and your family, now you drop something like this on me because something someone saw that they weren't ever meant to see."  R., vol. I at 220 (internal quotation marks omitted).  The jury found Mr. Small guilty, and he was sentenced to life imprisonment.

On direct appeal, Mr. Small argued that the State presented insufficient evidence to support his conviction.  The Oklahoma Court of Criminal Appeals (OCCA) rejected that argument and affirmed the judgment.

Mr. Small then filed the instant § 2254 habeas application in federal district court. There, he not only raised his sufficiency-of-the-evidence claim, but also raised new arguments to support this application.  The government filed a motion to dismiss the habeas application, contending Mr. Small failed to exhaust the state remedies for these new arguments.  He did not respond.  The district court entered an order concluding Mr. Small did not exhaust the new arguments presented in his habeas application and directing him to choose whether he wanted to (1) dismiss the action in its entirety without

2

prejudice, (2) dismiss the unexhausted claims, or (3) proceed with both exhausted and unexhausted claims. *See* R., vol. I at 70. Mr. Small chose to dismiss the unexhausted claims and proceed on his sufficiency-of-the-evidence claim. *See* R., vol. I at 71.

After considering the parties' arguments and the record, the district court denied Mr. Small's application and denied a COA. The district court concluded that the OCCA's sufficiency-of-the-evidence determination was not contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts based on the evidence presented in the state court trial.

## II.     Discussion

To appeal the denial of a § 2254 habeas application, Mr. Small must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, Mr. Small "must mak[e] a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In doing so, he must demonstrate "that reasonable jurists could debate whether . . . the [application] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (internal quotation marks omitted). When reviewing COA requests, we give "deferential treatment [to] state court decisions." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Because the state court adjudicated Mr. Small's case on the merits, a federal court may grant habeas relief if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an

3

unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).

Mr. Small raises several arguments in the Opening Brief, including arguments concerning the unexhausted claims he dismissed at the district court. Because Mr. Small voluntarily dismissed the unexhausted claims at the district court, no reasonable jurist would debate that they should have been resolved in a different matter. Accordingly, no COA shall issue as to these claims. *See Slack*, 529 U.S. at 484.

We turn now to whether Mr. Small's sufficiency-of-the-evidence claim warrants a COA.

For a sufficiency-of-the-evidence claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In Oklahoma, lewd molestation requires the government prove that Mr. Small, knowingly and intentionally, "[i]n a lewd and lascivious manner and for the purpose of sexual gratification . . . cause[d], expose[d], force[d] or require[d] a child to look upon the body or private parts of another person[.]" Okla. Stat. tit. 21, § 1123(A)(5)(c).

Applying *Jackson*, the OCCA determined the State provided sufficient evidence before the jury to support the conviction. The evidence included the minor victims' testimony and testimony about Mr. Small's post-offense conduct. Mr. Small argues the victims' inconsistencies from pretrial testimony to their testimony at trial renders the evidence against him insufficient. But this argument only shows "a rational juror *might*

4

*not* accept [the victims'] testimony at . . . trial; it doesn't show that a rational juror *could not* accept it, which is the question on which a sufficiency challenge necessarily must focus." *Matthews v. Workman*, 577 F.3d 1175, 1185 (10th Cir. 2009).  In deference to the OCCA's decision, *see Dockins*, 374 F.3d at 938, we conclude no reasonable jurists would debate its determination that, after viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Accordingly, no COA is warranted as to Mr. Small's sufficiency-of-the-evidence claim. *See Slack*, 529 U.S. at 484.

**III.    Conclusion**

We deny a COA and dismiss the matter.  We grant Mr. Small's motion for leave to proceed on appeal without prepayment of costs or fees. (Dkt. No. 9).

Entered for the Court

Allison H. Eid
Circuit Judge